UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 08-80901-CIV-MARRA/JOHNSON

KATHY ANN GARCIA-LAWSON,

    Plaintiff,

v.

UNITED STATES AUTOMOBILE
ASSOCIATION, d/b/a USAA
Insurance,

    Defendant.
_____/

## OPINION AND ORDER

THIS CAUSE comes before the Court on Plaintiff Kathy Ann Garcia-Lawson's Motion for a Temporary Restraining Order (DE 2), filed August 14, 2008. The Court has carefully reviewed the motion and is otherwise fully advised in the premises.

Plaintiff Kathy Ann Garcia-Lawson ("Plaintiff") filed her Complaint (DE 1) against Defendant United States Automobile Association ("Defendant"), claiming wrongful termination of her insurance policy. Plaintiff seeks monetary damages, a declaration that her policy remains valid, and an injunction preventing Defendant from terminating her policy. Plaintiff also seeks a temporary restraining order and a preliminary injunction, claiming that she can show a likelihood of success on her claims for injunctive relief.

**Discussion**

In granting a preliminary injunction, the Court must determine if the movant has demonstrated both a substantial likelihood of success on the merits and whether an irreparable injury would occur unless the injunction issues. Additionally, the movant bears the burden to

show that the threatened injury to the movant outweighs any damage the proposed injunction may cause the opposing party and that the injunction would not be adverse to the public interest. *See Int'l Cosmetics Exch., Inc. v. Gapardis Health & Beauty, Inc.*, 303 F.3d 1242, 1246 (11th Cir. 2002); *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998). Granting a preliminary injunction falls within the Court's equitable powers and is appropriate when a legal right has been infringed by an injury for which there is no adequate legal remedy. *Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1127 (11th Cir. 2005); *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004).

In reviewing Plaintiff's Motion, the Court recognizes that *pro se* litigants receive wide leeway in their pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (holding allegations of a *pro se* complaint to a less stringent standard than formal pleadings drafted by lawyers). However, this leniency does not give the Court license to rewrite an otherwise deficient pleading in order to sustain an action. *GJR Investments, Inc., v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). *Pro se* litigants are required to meet certain essential burdens in their pleadings. *See Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

In this case, Plaintiff has not argued that she would suffer an irreparable injury if the temporary restraining order and the injunction did not issue. Even if she had made such an argument in her motion, those arguments would fail. An injury can only be considered "irreparable" for the purposes of a preliminary injunction if it cannot be "undone through monetary remedies." *Cate v. Oldham*, 707 F.2d 1176, 1189 (11th Cir. 1983); *see also Hughes Network Systems, Inc. v. InterDigital Communications Corp.*, 17 F.3d 691, 694 (4th Cir. 1994) ("Where the harm suffered by the moving party may be compensated by an award of money damages at judgment, courts generally have refused to find that harm irreparable."). Here,

Plaintiff has asked for both monetary damages and injunctive relief. The fact that Plaintiff believes that monetary damages can compensate her for the harm caused by Defendant militates against a finding of irreparable harm at this juncture. As such, the Court must deny Plaintiff's application for a temporary restraining order and a preliminary injunction.

It is hereby **ORDERED AND ADJUDGED** that Plaintiff's Emergency Application for a Temporary Restraining Order (DE 2) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 14th day of August, 2008.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:
Kathy Ann Garcia-Lawson, *pro se*
All counsel of record